IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01952-WJM-STV

ELIZABETH FEDYNICH and
NICOLE FEDYNICH,

    Plaintiffs,

v.

THE INN BETWEEN OF LONGMONT,

    Defendant.

---

## ORDER

Entered By Magistrate Judge Scott T. Varholak

This matter is before the Court on (1) Defendant's Motion to Strike Plaintiffs' Answer to Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) [#35] ("Defendant's Motion to Strike"); (2) Plaintiffs' Motion for Appointment of Counsel [#37] ("Plaintiffs' Motion for Counsel"); and (3) Plaintiffs' Motion for Extension of Time to Add Defendants and Amend Claim, and Motion for Appointment of Counsel for Pro Se Litigants [#38] ("Plaintiffs' Motion for Extension").  All three motions have been referred to this Court.  [#36, 39, 40]

    **I.    Defendant's Motion to Strike**

Defendant's Motion to Strike seeks to strike Plaintiffs' Response to Defendant's Motion to Dismiss [#34] ("Plaintiffs' Response"), arguing that (1) Plaintiffs' Response

was not timely filed; and (2) Plaintiffs' Response failed to comply with the page limitations set forth in Judge Martinez's Practice Standards.

At the March 15, 2018 Scheduling Conference [#32], the Court granted Plaintiffs an extension until April 16, 2018 to file their response to Defendant's Motion to Dismiss [#23]. As reflected by both the docket entry and the Clerk of Court's stamp applied to Plaintiffs' Response, Plaintiffs' Response was filed with the Clerk of Court on April 16, 2018. In arguing that Plaintiffs' Response was filed one day after the deadline, Defendant appears to refer to the date that Plaintiffs' Response was docketed by the Clerk of Court. Plaintiffs' Response thus was timely filed.

Judge Martinez's Practice Standards establish a 15-page limitation for motions to dismiss and responses to motions to dismiss. The Practice Standards state that exceptions to this limitation will be made "only in exceptional circumstances" and advises that "[p]ermission to file such papers of greater length shall be sought by way of an appropriate motion filed in advance of the deadline for filing the brief." Pursuant to D.C.COLO.LCivR 10.1(e), all pleadings and documents filed in the District of Colorado shall be double-spaced. Here, Plaintiffs' Response is 36 pages in length and a significant portion of Plaintiffs' Response is single-spaced. The Court thus agrees with Defendant that Plaintiffs' Response constitutes a significant violation of both the Local Rules and Judge Martinez's Practice Standards. The Court notes that the violation is somewhat mitigated by Plaintiffs' inclusion of long quotations from documents. It is also worth noting that, as Defendant acknowledges, Defendant's Motion to Dismiss also

violated Judge Martinez's page limitations [#35 at 4 n.1], though admittedly not to the same extent as Plaintiffs' Response.

Under the circumstances and particularly given Plaintiffs' pro se status, the Court finds that striking Plaintiffs' Response is too harsh a sanction for their violation of the formatting requirements and would needlessly delay resolution of Defendant's pending Motion to Dismiss. Perhaps recognizing this, Defendant's Motion to Strike, in the alternative, requests an extension of time to file its reply. The Court finds that an extension coupled with leave to file a reply in excess of the normal page limitation provides Defendant an adequate remedy for Plaintiffs' failure to comply with Judge Martinez's page limitations and D.C.COLO.LCivR 10.1.

Accordingly, the Motion to Strike [#35] is **DENIED** to the extent it seeks to strike Plaintiffs' Response, but is **GRANTED** to the extent it seeks an extension of time for Defendant to file its reply in support of the Motion to Dismiss. The deadline for Defendant to file a reply in support of the Motion to Dismiss is extended until **May 16, 2018**. Any reply filed by Defendant shall not exceed **15 pages** in length.

**The parties are advised that future failures to comply with the Federal Rules of Civil Procedure, the Local Rules of the District of Colorado, or Judge Martinez's Practice Standards may result in filings being stricken**.

## II. Plaintiffs' Motion for Counsel

Plaintiffs' Motion for Counsel seeks the appointment of pro bono counsel.[1] [#37] The determination of whether to appoint counsel in a civil case is left to the sound discretion of the trial court. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). In deciding whether to request counsel for a civil litigant, the district court should evaluate "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present his claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted). Under Local Rule 15(f), the Court applies the following factors and considerations in reviewing a motion for appointment of counsel in a civil action: 1) the nature and complexity of the action; 2) the potential merit of the pro se party's claims; 3) the demonstrated inability of the unrepresented party to retain an attorney by other means; and 4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel. D.C.COLO.LAttyR 15(f). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted). "Only in those extreme cases where the lack of counsel results in fundamental unfairness will the district court's decision be overturned." *Id.* at 1115 (citation omitted).

---

[1] Plaintiffs' Motion for Extension also includes a request for the appointment of counsel. [#38] The Court considers the arguments related to the appointment of counsel contained in Plaintiffs' Motion for Extension as part of its consideration of Plaintiffs' Motion for Counsel. Plaintiffs filed two previous motions for the appointment of counsel prior to this matter being drawn to a presiding judge; both were denied as premature. [#6, 13]

4

This Court has considered Plaintiffs' Motion for Counsel in light of the factors identified in *Hill* and D.C.COLO.LAttyR 15(f). The following three causes of action asserted in Plaintiffs Amended Complaint remain in this case: (1) Failure to Accommodate under the Fair Housing Act. (2) retaliation; and (3) breach of the parties' lease agreement.[2] [#16, 17] The Court finds that the legal issues and facts presented in the pleading are not uniquely complex.[3] The Court notes that, with respect to these claims, Plaintiffs—without the assistance of counsel—successfully articulated allegations sufficient to address the deficiencies identified in Magistrate Judge Gallagher's August 18, 2017 Order directing Plaintiffs to file an Amended Complaint. [*See* #7, 17]

At this time, it is not clear whether the merits of Plaintiffs' claims are sufficient for the Court to request counsel to volunteer to represent them. Defendant has filed a Motion to Dismiss [#23] that is not yet fully briefed. If the Motion to Dismiss is denied and the case proceeds toward trial, the Court will at that point consider a renewed motion for counsel.

---

[2] The Court previously dismissed one of the causes of action asserted in the Amended Complaint—a claim based upon Defendant's alleged disclosure of private information—as legally frivolous. [#17 at 3-5]

[3] In the Motion for Extension, Plaintiffs argue that they "are attempting to add claims in a joinder with a State counterclaim" and "seeking to add parties as Defendants which may include the State of Colorado for violation [of] Plaintiffs' 14th Amendment rights." [#38 at 2] For purposes of the instant motion, the Court considers only those claims and defendants who are presently part of the litigation. Moreover, as discussed in more detail below in the context of Plaintiffs' Motion for Extension, Plaintiffs' statements are too vague, speculative, and untethered to the current allegations in the Amended Complaint to allow the Court to take them into consideration.

With respect to Plaintiffs' ability to obtain an attorney by other means, Plaintiffs inform the Court that they have attempted to contact no less than twenty attorneys, including "all legal clinics in the Denver/Boulder area" but have been unable to locate counsel who will accept the case without the payment of a retainer. [#37 at 2] Although this factor supports Plaintiffs' request for counsel, it does not sufficiently outweigh the other factors discussed herein which do not support the appointment of counsel at this time.

With regard to their ability to litigate their claims pro se, Plaintiffs contend that, as residents of a homeless shelter, they "are granted very little time to work on this case" and "are required to use the public library which is not always convenient or hours available." [#38 at 2] While the Court is sympathetic to these challenges, they do not distinguish Plaintiffs from most other pro se litigants who must litigate their claims while incarcerated or while addressing the demands of work and family and who also generally must rely upon public libraries or prison libraries for their legal research. Moreover, Plaintiffs have demonstrated an ability to actively participate in the litigation, by attending the Scheduling Conference and filing documents with the Court, including motions for an extension of time and a response to Defendant's Motion to Dismiss. The Court's ability to reconsider the appointment of counsel after the Motion to Dismiss stage also mitigates Plaintiffs' concern that counsel would be better suited to prosecute their claims.

Weighing these factors, the Court cannot conclude, at this time, that the interests of justice would be served by the appointment of pro bono counsel. Accordingly, Plaintiffs Motion for Counsel [#37] is **DENIED WITHOUT PREJUDICE**.

III.    **Plaintiffs' Motion for Extension**

Plaintiffs' Motion for Extension seeks "a 45 to 60 day extension on the filing of a joinder, adding Defendants and amending this claim."[4] [#38 at 2] The Scheduling Order set April 26, 2018 as the deadline for the joinder of parties and amendment of pleadings. [#33 at 6] Pursuant to Federal Rule of Civil Procedure 16(b)(4), the Scheduling Order "may be modified only for good cause and with the judge's consent." "Demonstrating good cause under the rule 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'" *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)); *see Lehman Bros. Holdings Inc. v. Universal Am. Mortg. Co.*, 300 F.R.D. 678, 681 (D. Colo. 2014). "In practice, this standard requires the movant to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (quotations omitted). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Id.* On

---

[4] To the extent the Motion for Extension also seeks the appointment of pro bono counsel, it is DENIED WITHOUT PREJUDICE for the same reasons articulated above with regard to Plaintiffs' Motion for Counsel.

7

the other hand, "[i]f the plaintiff knew of the underlying conduct but simply failed to raise [ ] claims, [ ] the claims are barred." *Id.*

Here, Plaintiffs contend that they "are attempting to add claims in a joinder with a State counterclaim" and "seeking to add parties as Defendants which may include the State of Colorado for violation [of] Plaintiffs' 14th Amendment rights." [*Id.* at 2] Plaintiffs' contentions are too vague and speculative, however, to allow the Court to meaningfully consider them—*e.g.*, Plaintiffs do not provide information regarding the specific defendants or claims it seeks to add. More importantly, Plaintiffs offer no explanation for why, despite diligent efforts, they were unable to comply with the deadline set in the Scheduling Order—*e.g.*, there is no indication of facts previously unknown to Plaintiffs or a change in the law. Furthermore, based upon the limited information provided, it is not clear that the proposed amendments are appropriate. Plaintiffs cite to no authority—and this Court is aware of none—that allows for the "joinder" of state and federal cases. See *Aparicio v. Wells Fargo Bank, N.A.*, No. 2:11-CV-00495, 2011 WL 5325578, at *7 (D. Utah Oct. 17, 2011), report and recommendation adopted, 2011 WL 5325523 (D. Utah Nov. 3, 2011) ("[T]he state court action is not an action before this court and therefore the court has no authority to consolidate the state court action into this federal action."). Nor is it clear to the Court that Plaintiffs' proposed claim(s) against the State of Colorado "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" such that joinder is appropriate under Federal Rule of Civil Procedure 20.

Accordingly, Plaintiffs' Motion for Extension is **DENIED** without prejudice to Plaintiffs filing a motion for leave to amend the complaint that complies with the requirements of Federal Rules of Civil Procedure 15 and 16.

DATED: May 3, 2018                                    BY THE COURT:

                                                                      s/Scott T. Varholak
                                                                      United States Magistrate Judge