IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1952-WJM-STV

ELIZABETH FEDYNICH, and
NICOLE FEDYNICH,

    Plaintiffs,

v.

THE INN BETWEEN OF LONGMONT,

    Defendant.

## ORDER ADOPTING THE JUNE 1, 2018 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiffs Elizabeth Fedynich and Nicole Fedynich (jointly, "Plaintiffs"), proceeding *pro se*, bring claims against Defendant The Inn Between of Longmont ("Defendant"), alleging violations of the Federal Housing Act (FHA) and breach of contract. (ECF No. 16 ("Complaint").) Defendant moved to dismiss for failure to state a claim. (ECF No. 23 ("Motion").) United States Magistrate Judge Scott T. Varholak filed a Report and Recommendation recommending that Defendant's Motion be granted with respect to Plaintiff's breach of contract claim and denied with respect to Plaintiff's FHA claims. (ECF No. 49 ("Recommendation").) Plaintiff filed an Objection to the Recommendation. (ECF No. 54 ("Objection").)[1] Defendant responded to Plaintiff's Objection ("Response")

---

[1] Plaintiffs filed their Objection on July 2, 2018, two weeks after the expiration of the fourteen day deadline to serve and file objections to Judge Varholak's June 1, 2018 Recommendation. However, the Docket shows that although Plaintiffs filed a change of address, several filings were returned to the clerk's office as undeliverable during this time period. (ECF Nos. 51, 52, 53, 56, 57.) While it is unclear exactly when Plaintiffs received the Recommendation, given Plaintiffs' *pro se* status, the Court finds that the interest of justice is

(ECF No. 58), but did not timely file an Objection of its own.[2]  For the reasons set forth below, the Court overrules Plaintiff's Objection and adopts Judge Varholak's Recommendation in its entirety.

## I.  STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.  An objection is proper if it is filed within fourteen days of the magistrate judge's recommendations and is specific enough to enable the "district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b) advisory committee's note; *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review

---

best served by accepting Plaintiffs' Objection as timely filed.

[2] While Defendant appears to raise objections to Judge Varholak's Recommendation in its Response, no objection was timely filed within the fourteen day period after service of the Recommendation.  Therefore, the Court may not construe the arguments raised in Defendant's Response as an Objection to Judge Varholak's Recommendation for purposes of Rule 72 and thus only considers the arguments responding to Plaintiffs' breach of contract objections.

2

a magistrate's report under any standard it deems appropriate.").

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." In evaluating such a motion, a court must "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Granting a motion to dismiss "is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted). "Thus, 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" *Id.* (quoting *Twombly*, 550 U.S. at 556).

Further, the Court is mindful of Plaintiffs' *pro se* status, and accordingly reads his pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court, however, cannot act as advocate for Plaintiffs, who still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## II. BACKGROUND

Neither party objects to the recitation of facts set forth by Judge Varholak in the June 1, 2018 Recommendation. (ECF No. 49 at 2–6.) Accordingly, the Court adopts and incorporates Section I of that Recommendation as if set forth herein.

Briefly, Defendant is a non-profit agency that manages affordable housing units. (ECF No. 23 at 1.) Plaintiffs leased one of these units from Defendant and moved in on June 21, 2017. (ECF No. 16 at 8.) Prior to moving in, Plaintiffs informed Defendant that they both suffered from chronic asthma, pleurisy, and multiple chemical sensitivity, and that cigarette smoke was very harmful to their health. (*Id.* at 7.) Defendant has a policy that prohibits smoking inside the apartments and assured Plaintiff that it "would take action against anyone who smoked indoors in violation of the lease." (*Id.* at 8.) The lease agreement also prohibits the sale, use, or cultivation of marijuana on Defendant's properties. (ECF No. 23-2 at 5.)

On their first evening living in the apartment, Plaintiffs noted that "the apartment reeked heavily of cigarette smoke." (ECF No. 16 at 8 (emphasis omitted).) Plaintiffs notified Timothy Rakow ("Rakow"), Defendant's Associate Director, by e-mail on June 22, 2017. (*Id.*) Defendant contacted residents about the indoor smoking policy and explained about Plaintiffs' respiratory issues. (*Id.*) That evening Plaintiffs reported that the apartment smelled fresh and residents were smoking outside. (*Id.*) However, on June 23, Plaintiffs contacted Rakow because the cigarette smell had returned and residents were not smoking outside. (*Id.*) The next day, June 24, Plaintiffs reported smelling marijuana smoke in the building. (*Id.*) Plaintiffs also personally informed their

4

neighbor that the smell of marijuana makes them extremely nauseous.  (*Id.*)  Plaintiffs' neighbor apologized and explained that she had a medical marijuana card and that Defendant knew she smoked marijuana, but that she would only smoke in the alley in the future.  (*Id.*)  Plaintiffs allege that Defendant began to ignore all of Plaintiffs' complaints.  (*Id.* at 9.)  Plaintiffs also complained to Rakow about their neighbors' use of ozone machines and air fresheners which irritated their lungs, eyes, and hearts.  (*Id.* at 10.)  Rakow informed Plaintiffs that he was "going to take [n]o further action" with regards to their complaints.  (*Id.* at 9.)

Plaintiffs claim that they were diagnosed with bronchitis and needed breathing treatments at a hospital on two consecutive days.  (*Id.* at 10.)  Plaintiffs further allege that Defendant's inaction caused Plaintiffs other injuries, including: anorexia, dry eyes, dry sinuses, PTSD, loss of financial services, and elevated blood pressure, among many other ailments.  (*Id.* at 20.)  Additionally, Plaintiffs claim that their service animal suffered three grand mal seizures and passed away due to exposure to methamphetamine in the apartment.  (ECF No. 34 at 4.)

Plaintiffs requested that Defendant install specialized smoke detectors that could positively identify cigarette and marijuana use, but Defendant refused.  (ECF No. 16 at 12.)  In response, Plaintiffs began speaking to their neighbors themselves and frequently called the police and fire departments to investigate their neighbors' apartments.  (ECF No. 23 at 1.)  Longmont Police reported smelling sweet detergent, cat urine, air fresheners, scented candles, and patchouli.  (ECF No. 34 at 4.)  Plaintiffs claim that these are the scents that they are sensitive to, and thus their complaints to

5

police were justified.  (*Id.*)

On July 13, 2017, Defendant's Executive Director, David Bitler ("Bitler"), e-mailed Plaintiffs explaining that Plaintiffs' phone calls to Defendant and conversations with other residents were bordering on harassment and needed to cease immediately.  (ECF No. 49 at 5.)  Bitler's e-mail also explained that "[i]f a resident is caught smoking in violation of the lease [Defendant] will deal with that resident but [Defendant] will no longer respond to [Plaintiffs'] multiple daily complaints regarding smelling smoke."  (*Id.*)  Moreover, in the e-mail Bitler stated that given how unhappy Plaintiffs seemed, Defendant will allow them to rescind their lease.  (*Id.*)  He also warned Plaintiffs that if their behavior continues, they may be at risk of losing their housing.  (*Id.*)

On August 21, 2017, Defendant filed a Complaint in Forcible Entry and Detainer in Boulder County Court (the "FED Action").  (*Id.*)  In the FED Action, Defendant sought to evict Plaintiffs, claiming that "Plaintiffs have repeatedly and relentlessly disturbed, harassed, and threatened other neighbor tenants in the complex."  (*Id.*)  Plaintiff filed counterclaims in that action on August 31, 2017.  (*Id.*)  At a January 19, 2018 hearing, Plaintiffs and Defendant reached a stipulation with respect to Defendant's eviction claim, which required Plaintiffs to vacate the premises by 5:00 p.m. that day.  (*Id.* at 6.)  Plaintiffs' counterclaims remain pending in that action.  (*Id.*)

Meanwhile, Plaintiffs commenced this action on August 11, 2017.  (*Id.*)  Plaintiffs raise four causes of action in their Complaint: (1) Failure to Accommodate in violation of the FHA (claim one) (ECF No. 16 at 10), (2) retaliation in violation of the FHA (claim two) (*id.* at 14), (3) violation of Plaintiff's privacy rights (claim three) (*id.* at 17), and

breach of contract (claim four) (*id.* at 18). Senior United States District Judge Lewis T. Babcock dismissed claim three as legally frivolous, and ordered the remaining claims drawn to a presiding judge. (ECF No. 17 at 4–6.)

## III. ANALYSIS

Plaintiffs' remaining three claims are for failure to accommodate in violation of the FHA (claim one), retaliation in violation of the FHA (claim two), and breach of contract (claim four). Defendant filed their Motion on February 27, 2018, arguing that all of Plaintiffs' remaining claims should be dismissed for failure to state a claim. (ECF No. 23.) In the alternative, Defendant asks the Court to stay any claims that survive dismissal pending resolution of Plaintiffs' counterclaims in the FED Action.

Judge Varholak recommended denying Defendant's Motion with respect to claims one and two (Plaintiffs' FHA claims), and granting it with respect to claim four (Plaintiffs' breach of contract claim). (ECF No. 49.) Judge Varholak also denied Defendant's motion to stay proceedings. (*Id.* at 16.) Plaintiffs filed an Objection to Judge Varholak's recommended denial of claim four. (ECF No. 34.) Defendant responded to Plaintiff's Objection, but did not timely file their own objections to Judge Varholak's Recommendation. (ECF No. 58). Thus, the Court analyzes the portions of Judge Varholak's Recommendation pertaining to Plaintiff's FHA claims under a clear error standard (*see* Part I) and engages in a *de novo* review of the portions of the Recommendation that relate to Plaintiffs' breach of contract claim.

### A.   FHA Failure to Accommodate Claim

Plaintiffs allege that they requested the following accommodations, which

7

Defendant refused to grant: (1) the installation of specialized smoke detectors that can specifically detect cigarette and marijuana smoke; (2) the implementation of "a policy requiring neighboring residents to cease their use of chemical air fresheners, wax burners, scented candles, and other chemicals associated with scenting the air"; and (3) taking "further action" against residents who smoked in the building. (ECF No. 16 at 12–13.)

Defendant makes three arguments in favor of dismissing this claim. First, Defendant denies the allegation that it encouraged residents to smoke across the street, and even if the allegations were true, "the FHA cannot be construed to require Defendant to police its residents when they are not on the grounds." (ECF No. 23 at 13.) Moreover, Defendant argues that "Plaintiff cannot possibly allege that smoking off the property was causally related to Plaintiffs' ability to use and enjoy their apartment." (*Id.*)

Second, Defendant argues that "the law only requires *reasonable* accommodations." (*Id.* (emphasis in original).) Defendant points to an unpublished order from the United States District Court for the District of Idaho to argue that Plaintiffs are not entitled to the accommodation of their choosing. (*Id.* at 14 (referring to *Stein v. Creekside Seniors, L.P.*, 2016 U.S. Dist. LEXIS 28262, at \*32--33 (D. Idaho Mar. 4, 2016)).) Defendant further argues that despite repeatedly investigating Plaintiffs' complaints, Defendant failed to identify any evidence that their smoking policy was being violated. Thus, Defendant argues, these facts "could not reasonably warrant the installation of smoke detection equipment on Defendant's dime beyond what is required by the building codes, let alone exercising tactics like performing 'random

unannounced visits' on Defendant's vulnerable residents." (*Id.*)

Finally, Defendant argues that intent to discriminate is an essential element of both her discrimination and retaliation claims under FHA. (*Id.*) And, Defendant further argues, "[h]ere, the pleadings cannot plausibly be construed to reveal an intent to discriminate." (*Id.*) Defendant argues that "[b]ecause the pleadings establish that [Defendant] would have behaved the same regardless of the allegations of disability, the pleadings do not permit the court to infer more than the mere possibility of misconduct." (*Id.* at 15 (internal quotes omitted).)

Judge Varholak recommended denying the Motion to Dismiss with respect to Plaintiff's FHA failure to accommodate claim. (ECF No. 49 at 8–12.) First, Judge Varholak reasoned that "[t]he exact cost and effectiveness of these smoke detectors, and whether the implementation of such smoke detectors is reasonable, is a fact-specific inquiry inappropriate for resolution at the motion to dismiss stage." (*Id.* at 10.) Similarly, Judge Varholak found that "the reasonableness of Plaintiff's requests to investigate the smoke issues in the evening is fact-specific and cannot be determined at the motion to dismiss stage. Nor can the reasonableness of Plaintiffs' proposal for Defendant to limit or eliminate residents' use of chemicals associated with scenting the air be addressed as a matter of law." (*Id.* at 10–11 (internal quotation marks omitted).)

Finally, with respect to Defendant's argument regarding the intent to discriminate, Judge Varholak notes that "Section 3604(f)(3)(B) does not require that the denial of modifications or accommodations be the result of a discriminatory animus toward the disabled." (*Id.* at 11 (referring to *Cinnamon HIlls Youth Crisis Ctr,. Inc. v.*

9

*Saint George City*, 685 F.3d 917, 922–23 (10th Cir. 2012)).) Judge Varholak explains that the FHA "requires only that the requested modification or accommodation be reasonable and that the denial results . . . in so diminishing that person's use and enjoyment of the premises as to constitute a denial of equal opportunity." (*Id.*) Therefore, Judge Varholak found that "Plaintiffs' failure to allege that Defendant acted with discriminatory intent in denying the requested accommodations does not render Plaintiffs' FHA accommodation claim deficient." (*Id.*)

Neither party objected to Judge Varholak's denial of Defendant's Motion to Dismiss with respect to Plaintiffs' claim for failure to accommodate under the FHA. The Court concludes that Judge Varholak's analysis was thorough and sound, and that there is no clear error on the face of the record.

Accordingly Defendant's Motion to Dismiss Plaintiffs' claim one is denied.

**B.     FHA Retaliation Claim**

Plaintiffs allege that "Defendant[] unlawfully conspired to 'evict' Plaintiffs on July 19, 2017." (ECF No. 16 at 14.) Plaintiffs further allege that "Defendant[] encouraged other residents to harass and intimidate [Plaintiffs] by continually ignoring [Plaintiffs'] request for help when they had problems with other residents." (*Id.* at 14.) Moreover, according to Plaintiffs,

> Defendant[] ha[s] deliberately and with malice subjected
> Plaintiffs to unfair treatment by denying them services
> granted to other residents, denying them invitations to social
> events and charitable giveaways by Defendant['s]
> organization, including information about a coat drive and a
> Thanksgiving Dinner Box given to all other residents besides
> Plaintiffs. Defendant[] also had an ice cream and pizza
> social that they deliberately excluded Plaintiffs from.

10

> Plaintiffs have been denied case management services, self-improvement classes, matching savings program, and other services offered by Defendant[] to every single other resident in their program.

(*Id.* at 15–16.)

Defendant moves to dismiss this claim, arguing that "Plaintiffs' retaliatory eviction claim is barred by [Colo. Rev. Stat. § 38-12-508.]." (ECF No. 23 at 9.)

Judge Varholak's Recommendation did not analyze Defendant's argument based on the Colorado statute, because Plaintiff's claim is based on the FHA, not the Colorado statute. (ECF No. 49 at 13.) Moreover, Judge Varholak found that Plaintiff's "allegations are sufficient to plausibly plead an FHA retaliation claim." (*Id.*) Thus, Judge Varholak recommended denying Defendant's Motion to Dismiss with respect to Plaintiffs' FHA retaliation claim. (*Id.* at 14.)

Neither party objected to Judge Varholak's denial of Defendant's Motion to Dismiss with respect to Plaintiffs' FHA retaliation claim. The Court concludes that Judge Varholak's analysis was thorough and sound, and that there is no clear error on the face of the record.

Accordingly, Defendant's Motion to Dismiss is denied to the extent it seeks to dismiss Plaintiffs' claim two.

## C. Breach of Contract Claim

In their Amended Complaint, Plaintiffs allege that "Defendant[] violated the lease terms by instructing Plaintiffs and other residents to use marijuana 'in the alley across the street.' Defendant[] violated the Crime Free Addendum to the lease and the Controlled Substances Act by allowing marijuana use by residents." (ECF No. 16 at 18.)

Defendant moves to dismiss this claim on the basis that "Plaintiffs do not plausibly allege that the lease agreement between Plaintiffs and Defendant created any obligation for Defendant regarding their actions towards other residents or entities aside from barring known sex offenders, nor does any reading of [the Crime Free Addendum] suggest such a result."  (ECF No. 23 at 12.)

In his Recommendation, Judge Varholak found that "Plaintiffs fail, however, to identify any specific provision of the lease agreement or Crime Free Addendum that is breached by such an instruction and the Court is unaware of any."  (ECF No. 49 at 14.)  Judge Varholak notes that the "restrictions on smoke and the use of illegal substances in the lease agreement and the provisions of the Crime Free Addendum all are framed in terms of the residents' obligations and do not impose any mandatory obligations upon Defendant."  (*Id.*)  Furthermore, Judge Varholak found that even if Plaintiffs were attempting to argue that they are third-party beneficiaries of Defendant's leases with other tenants, "the Amended Complaint fails to allege facts that plausibly suggest that Plaintiffs were intended beneficiaries of the other leases.  As a result, even liberally construing Plaintiff's fourth claim as asserting that Plaintiffs were third party beneficiaries, the breach of contract claim fails."  (*Id.* at 15.)

Plaintiffs objected to Judge Varholak's Recommendation regarding Claim four.  (ECF No. 54.)  In their Objection, Plaintiffs first argue that "Defendant[] breached [the Termination of the Tenancy by Owner] part of the [Housing and Urban Development] contract by attempting to evict Plaintiffs not based on any of the [] mentioned good causes."  (*Id.* at 3.)  In their Amended Complaint, Plaintiffs' breach of contract argument was based on Defendant instructing residents to use marijuana in the alley or across

the street, not the termination of the lease. Thus, this is a new argument, raised for the first time in Plaintiffs' Objection. In the Tenth Circuit, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Thus, the Court does not consider Plaintiffs' breach of contract argument based on the termination of the lease.

However, Plaintiffs do also object to Judge Varholak's Recommendation based on the breach of contract claim arising from Defendant's instruction to use marijuana off–premises. (ECF No. 54 at 5.) Here, Plaintiffs state that they are "alleging breach of contract by Defendant based upon the oral contract made with Plaintiffs," and then attach paragraph 2 of the Crime Free Addendum. (*Id.*) Plaintiffs claim that "Defendant[] violated [its] own lease by instructing both Plaintiffs and other residents to use marijuana so long as it was 'off premises.' By instructing other residents to use marijuana 'in the alley or across the street' Defendants were both endangering Plaintiffs by subjecting them to encounters with their neighbors who were under the influence of drugs during their residency at Defendant's housing program." (*Id.* at 5–6.)

The Court agrees with the deficiencies noted by Judge Varholak. After liberally construing Plaintiff's attempts to rectify these deficiencies, it is still unclear to the Court exactly which provision Defendant allegedly breached or how they breached the lease agreement. Moreover, Plaintiffs' argument regarding an oral contract simply does not make sense to the Court.

Accordingly, Plaintiffs' Objection to Judge Varholak's Recommendation is overruled and Judge Varholak's Recommendation is adopted in its entirety with respect to Plaintiffs' claims.

**D. Defendant's Motion to Stay Proceedings**

In their Motion to Dismiss, Defendant argues that any claims not dismissed in this action should be stayed pending resolution of the FED Action. (ECF No. 23 at 15–17.) Defendant argues that all of the claims at issue in this case stem from the landlord tenant relationship at issue in the state case. (*Id.* at 17.)

Judge Varholak found that Defendant "has not sufficiently raised any valid argument in support of the requested stay" and denied Defendant's Motion. (ECF No. 49 at 18.)

Defendant did not timely object to this finding and the Court otherwise concludes that Judge Varholak's analysis was not "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Accordingly, the Court adopts Judge Varholak's Recommendation denying Defendant's Motion to Stay proceedings in this action pending resolution of the FED Action.

## IV. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. The Magistrate Judge's June 1, 2018 Recommendation (ECF No. 49) is ADOPTED in its entirety;
2. Plaintiffs' Objection (ECF No. 54) is OVERRULED; and
3. Defendant's Motion to Dismiss (ECF No. 23) is GRANTED IN PART and DENIED IN PART, as follows:

a. Plaintiff's claim of breach of contract is DISMISSED WITHOUT PREJUDICE; and

b. Defendant's Motion to Dismiss is in all other respects DENIED.

Dated this 15th day of August, 2018.

BY THE COURT:

William J. Martinez
United States District Judge